UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMRO ALI, M.D.,

                       Plaintiff,                    Case No. 19-cv-08324 (DLC) (DCF)

      -against-                          **ANSWER**

WESTCHESTER MEDICAL CENTER and
NEW YORK MEDICAL COLLEGE,

                       Defendants.
------------------------------------------------------------------X

Defendants WESTCHESTER MEDICAL CENTER and NEW YORK MEDICAL COLLEGE ("WMC-NYMC" or "Defendants"), by and through their attorneys, Meyer, Suozzi, English & Klein, P.C., as and for its Answer to the Complaint, dated September 6, 2019 (the "Complaint"), of Plaintiff Amro Ali, M.D. ("Dr. Ali" or "Plaintiff"), hereby allege as follows upon information and belief:

### PRELIMINARY STATEMENT AND NATURE OF THE ACTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint except aver that no specific response is required as Paragraph 1 is a characterization of this action and Plaintiff's request for relief.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint as to whether Plaintiff has been in the United States of America for more than ten years and deny the truth of all other allegations contained in Paragraph 2.

3. Defendants admit that Dr. Ali was required to pass the USMLE Step 3 and deny the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4.   Admit that Dr. Ali discussed the requirement that he pass the USMLE Step 3 with Defendants' personnel and deny the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and respectfully refer the Court to the documents cited in Paragraph 6 for the true content and meaning thereof.

7.   Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.   Defendants deny the allegations contained in Paragraph 8 of the Complaint and aver that Dr. Ali was never employed by Defendant WMC or NYMC and his association with NYMC was never more than a voluntary relationship.

9.   Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.   Defendants deny the allegations contained in Paragraph 10 of the Complaint and aver that Dr. Ali was never employed by either WMC and/or NYMC with whom his relationship was nothing more than voluntary.

11.   Defendants admit that Dr. Wandel signed Dr. Ali's New York license application from the New York State Medical Board and that Dr. Ali participated in residence education by giving lectures as requested by Dr. Hutcheson and deny the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.   Defendants admit that Plaintiff published various materials, applied for grants for research funding, added Dr. Wandel's name to a number of documents prepared by Plaintiff and

that Dr. Ali was not paid for such activities and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that in or about November 2016 Plaintiff applied to the San Francisco Match and was interviewed and deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff was advised that certain residents were not supportive of his residency application and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint except admit that Dr. Ali's residency was not supported by other residents.

20. Defendants admit that, in or about December of 2017, Dr. Star White dropped her residency position, and that there were communications concerning Plaintiff becoming familiar with system and electronic medical records but deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit that in or about April 2018 Plaintiff passed the Step 3 exam and that Dr. Kelley Hutcheson joined the Ophthalmology Department as its new Chairperson and deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit that in or about July of 2018, Plaintiff met with Dr. Hutcheson, Dr. Wandel and Dr. Bierman, and deny the remaining allegations contained in Paragraph 25 of the Complaint and respectfully refer the Court to Exhibit 15 incorporated within Paragraph 25 for the true content and meanings thereof.

26.     Defendants deny knowledge or information sufficient to form a belief that Dr. Wandel advised Plaintiff to communicate with Dr. Hutcheson directly, and deny the remaining allegations contained in Paragraph 26 of the Complaint and respectfully refer the Court to Exhibit 32 annexed to Plaintiff's Complaint for the true content and meaning thereof.

27.     Defendants admit that Plaintiff made several attempts to contact Dr. Bierman, deny the remaining allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to Exhibit 16 annexed to Plaintiff's Complaint for the true content and meaning thereof.

28.     Admit that on or about July 20, 2018, Plaintiff met with Dr. Hutcheson, Dr. Bierman and Dr. Wandel and deny knowledge or information as to what Plaintiff intended to learn what was "planned for him" and deny that any promise was ever made.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint except admit that Plaintiff was advised that, at a minimum, he must pass the Step 3 exam.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint and aver that Plaintiff did threaten to sue, acted agitated and emotional and eventually was let out of the meeting by security personnel.

31. Defendants admit that on or about September 5, 2018 Plaintiff presented certain claims to WMC's attorney and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint and aver that all activity performed by Plaintiff was in connection with his association with NYMC and not WMC and respectfully refer the Court to any publications and grant applications as referenced in Paragraph 36 for the true content and meaning thereof.

37. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint and respectfully refer the Court to the NYS Medical Board rule referenced in Paragraph 39 for the true content and meaning thereof.

40. Defendants admit that Plaintiff first applied in or around November 2015 for the San Francisco Match and deny the remaining allegations contained in Paragraph 40 of the Complaint and respectfully refers the Court to the document referenced in Paragraph 40 for the true content and meaning thereof.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint and aver that Plaintiff did not compare favorably to another resident as referenced in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and aver that any activities by Plaintiff associated with NYMC-WMC were voluntary in nature.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint and respectfully refer the Court to any rules and or regulations that apply to the Match program for the true content and meaning thereof.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint except aver that Plaintiff filed a complaint with the EEOC which was subsequently dismissed by that agency and respectfully refer

the Court to any documents submitted before the EEOC by Plaintiff and/or Defendants for the true content and meaning thereof.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and respectfully refer the Court to any documentation filed with the EEOC for the true content and meaning thereof.

### AS TO PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

50. Defendants repeat and reallege the responses set forth above to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

### AS TO PLAINTIFF'S CLAIM PURSUANT TO
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000 *ET SEQ.*

54. Defendants repeat and reallege the responses set forth above to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

### AS TO PLAINTIFF'S CLAIM PURSUANT TO
### VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW AND THE NEW YORK EXECUTIVE LAW § 296 ET SEQ.

56. Defendants repeat and reallege the responses set forth above to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

59. Defendants set forth the following defenses and/or affirmative defenses. In doing so, Defendants do not assume the burden of proof with respect to any issue as to which the law places the burden of proof on Plaintiff, and due to both the generalized nature of Plaintiff's allegations and the fact that the parties have not yet engaged in discovery proceedings, Defendants reserves their rights to amend and/or supplement this Answer and to raise any additional defenses and/or affirmative defenses that may be appropriate.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred under 42 U.S.C. § 2000 *et seq.* and the New York State Humans Rights Law as Plaintiff was not employed by either WMC and/or NYMC at any time and, thus, Plaintiff did not constitute an "employee" for the purposes of the protections afforded by these statutes.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. Any and all decisions as they impacted on Plaintiff in connection with his association with either WMC and/or NYMC were not based on discriminatory intent of any kind.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63. The Complaint, and each claim purported to allege therein, is barred in whole or in part, by the equitable doctrines of unclean hands, estoppel, waiver, and/or avoidable consequences.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

64. With respect to some or all of the claims brought or allegedly brought by the Plaintiff, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to

be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65. At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff may not recover liquidated damages, because: (1) Defendants and all of its officers, directors, managers, and agents acted in good faith and did not commit willful violations of law; (2) Defendants and its officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff, the existence of which Defendants affirmatively deny; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim upon which relief consisting punitive, compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims for liquidated damages violates Defendants' rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the

right to be free of excessive fines and all other substantive procedural protections of the Constitutions applicable to liquidated damages

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

70. There is no causal relation between the alleged acts of Defendants and any injury or damage allegedly suffered by Plaintiff, the existence or which Defendants expressly deny.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

71. At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

72. With respect to some or all of the claims brought or allegedly brought by the Plaintiff, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

73. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

### JURY DEMAND

74. Defendants request a jury trial on all issues to be tried.

WHEREFORE, Defendants respectfully demand judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
      November 27, 2019

                                   MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                                   By:  *s/ Paul F. Millus*
                                           Paul F. Millus, Esq.
                                           Gregg M. Kligman, Esq.
                                 990 Stewart Avenue, Suite 300
                                 P.O. Box 9194
                                 Garden City, New York 11530-9194
                                 516-741-6565
                                 *Attorneys for Defendants*

4328835