```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
AMRO ALI, M.D.,                          :
                   Plaintiff,            :     19cv8324 (DLC)
                                         :
          -v-                            :     MEMORANDUM OPINION
                                         :         AND ORDER
WESTCHESTER MEDICAL CENTER and NEW       :
YORK MEDICAL COLLEGE,                    :
                                         :
                   Defendants.           :
                                         :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Robert Sadowski
Sadowski Katz, LLP
800 Third Ave, 28th Floor
New York, NY 1002

For the defendants
Paul Millis
Daniel Rinaldi
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530


DENISE COTE, District Judge:

On March 30, 2021, plaintiff Amro Ali moved for reconsideration of the March 17, 2021 Opinion (the "March 17 Opinion"), which granted summary judgment to the defendants. The motion for reconsideration is denied.

The March 17 Opinion is incorporated by reference, and familiarity with it is assumed.  See Ali v. Westchester Med.

Ctr., No. 19CV8324 (DLC), 2021 WL 1022615 (S.D.N.Y. Mar. 17, 2021).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Cho v. Blackberry Ltd., No. 19-3376-CV, 2021 WL 922756, at *11 (2d Cir. Mar. 11, 2021) (citation omitted).  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Id. (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).  The standard for granting a motion for reconsideration is "strict."  Cho, No. 19-3376-CV, 2021 WL 922756, at *11.

Ali has not satisfied the standard for a motion for reconsideration.  Ali first argues that the March 17 Opinion misapplied the law relating to "stray comments" when assessing Dr. Thaddeus Wandel's comments and erred in not finding that the comments are direct evidence of discriminatory animus.  A

disagreement with the Opinion's analysis is not a ground for reconsideration.  See March 17 Opinion, at *5 (discussing stray comments).

Ali next states that the Opinion impermissibly assessed Wandel's credibility.  It did not assess Wandel's credibility.  The March 17 Opinion considered Wandel's two comments in the light most favorable to Ali and -- citing numerous New York state court decisions -- determined that those comments constituted stray remarks.  Id.

Finally, Ali complains that the March 17 Opinion rejected his argument that the procedural irregularities in the appointment process were evidence of discrimination.  Again, a disagreement with the Opinion's analysis is not a ground for reconsideration.  The Opinion addressed the issue of irregularities and rejected the plaintiff's argument.  Id. at *5.

## Conclusion

Ali's March 30, 2021 motion for reconsideration is denied.


Dated:   New York, New York
         April 1, 2021

                                      _____
                                           DENISE COTE
                                      United States District Judge